IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NIKOLAOS MAMALIS,** | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-14-1140 |
| v. | * | Crim. Action No. RDB-09-0608 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Petitioner Nikolaos Mamalis ("Petitioner" or "Mamalis") was convicted on seven counts following an eight-day jury trial in this Court. (Judgment, ECF No. 214.) Count One charged Petitioner with Hobbs Act Conspiracy, in violation of 18 U.S.C. § 1951(a); Counts Two, Four, and Six charged Petitioner with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); and Counts Three, Five, and Seven charged Petitioner with Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (*Id.*) Counts Two through Seven included charges of aiding and abetting, in violation of 18 U.S.C. § 2. (*Id.*) Subsequently, Judge Benson E. Legg[1] of this Court sentenced Petitioner to concurrent sentences of twenty (20) years imprisonment as to Counts One, Two, Four, and Six and consecutive sentences of seven (7) years, twenty-five (25) years, and twenty-five (25) years imprisonment as to Counts Three, Five, and Seven respectively, for a total term of seventy-seven years' imprisonment. (*Id.*)

---

[1] This case was reassigned to the undersigned Judge on August 13, 2013.

Now pending before this Court are Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 327) and Motion to Supplement (ECF No. 335).  Petitioner seeks vacatur of his conviction on three counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts Three, Five, and Seven).[2]  (ECF Nos. 327, 335.)  The "crime of violence" underlying Mamalis's convictions was conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a).[3]  (Judgment, ECF No. 214.)  For the reasons that follow, Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 327) and Motion to Supplement (ECF No. 335) are GRANTED.

On March 5, 2020, Petitioner's Motions were held in abeyance pending the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Taylor*, No. 19-7616.  (*See* ECF No. 337.)  On October 14, 2020, the Fourth Circuit rendered its decision in *Taylor*, reaffirming that "conspiracy to commit Hobbs Act robbery no longer qualifies as a valid § 924(c) predicate" and determining that attempted Hobbs Act robbery does not qualify as a "crime of violence."  979 F.3d 203, 205 (4th Cir. 2020); *see also United States v. Simms*, 914 F.3d 229, 233-34, 236 (4th Cir. 2019) (en banc).

---

[2] Also pending is Mamalis's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 357), which will be addressed at Mamalis's re-sentencing hearing.

[3] Although the § 924(c) counts alleged that the underlying "crime of violence" was both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery itself, the jury instructions and the jury verdict sheet did not exclude conspiracy as the basis for the § 924(c) convictions.  (*See* Jury Instructions, ECF No. 168; Jury Verdict, ECF No. 173.)  Accordingly, because the verdict sheet is ambiguous as to which of the alternative elements upon which Mamalis's § 924(c) convictions rest, then this Court must assume that Mamalis was convicted on the most innocent conduct encompassed in Counts Three, Five, and Seven, that is, conspiracy to commit Hobbs Act robbery.  *See United States v. Henley*, Criminal No. JKB-08-0046, 2020 WL 488897, at *1 (D. Md. Jan. 30, 2020) (citing *Johnson v. United States*, 559 U.S. 133, 137, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (when the federal sentencing court cannot determine upon which of the alternative elements a defendant's conviction rests, the court cannot "conclude that [the conviction] rested upon anything more than the least of these acts")).

While the Government notes that a petition for certiorari to the United States Supreme Court was filed in April 2021 in the *Taylor* case (ECF No. 364 at 2 n.1), this Court has recognized *Taylor* as binding precedent and has proceeded to apply it in vacating § 924(c) convictions. *See United States v. Hines*, Crim. No. RDB-03-0280, 2021 WL 2291804 (D. Md. June 4, 2021); *United States v. Thomas*, DKC-10-0051 (D. Md. Mar. 8, 2021); *United States v. Harris*, DKC-05-0538 (D. Md. Feb. 25, 2021); *United States v. Witherspoon*, RDB-08-0401 (D. Md. Feb. 16, 2021). Mamalis's § 924(c) convictions on Counts Three, Five, and Seven were clearly predicated on this Court's viewing the offense of conspiracy to commit Hobbs Act robbery as a "crime of violence." Accordingly, Petitioner is entitled to have his § 924(c) convictions Counts Three, Five, and Seven vacated, and a re-sentencing shall be scheduled.

For the reasons set forth above, it is HEREBY ORDERED this 18th day of August, 2021 that:

1. Petitioner Mamalis's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 327) and Motion to Supplement (ECF No. 335) are GRANTED;

2. The civil case *Mamalis v. United States*, Civil No. RDB-14-1140, shall be CLOSED; and

3. A re-sentencing of the Petitioner Mamalis shall be scheduled by agreement of counsel at a date to be determined.

_____/s/_____
Richard D. Bennett
United States District Judge