IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-09-0608 |
| NIKOLAOS MAMALIS, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This case comes to the Court on Defendant Nikolaos Mamalis's Motion for a Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of U.S.S.G. Amendment 821 (ECF No. 388), wherein Defendant moves to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. The Government filed a response in opposition (ECF No. 397), and Mamalis replied (ECF No. 400). The parties' submissions have been reviewed and the Court concludes that a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). Concluding that he is eligible for a sentence reduction, the Court GRANTS his Motion for a Reduced Sentence (ECF No. 388).

## BACKGROUND

Defendant Mamalis is currently serving a 240-month sentence[1] after he was convicted for one count of conspiracy to commit Hobbs Act robbery and three counts of Hobbs Act

---

[1] This 240-month sentence arose out of a resentencing in 2022. Originally, his total sentence was 77 years because he was also convicted of three counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 214.) This Court granted Mamalis relief pursuant to 28 U.S.C. § 2255, ultimately vacating Mamalis's firearm conviction because the Court found that the predicate offense was not a "crime of violence" under § 924(c). (ECF No. 374.) On February 10, 2022, the Court resentenced Mamalis to 240 months for the robbery offenses. (ECF No. 384.)

1

robbery, in violation of 18 U.S.C. § 1951(a). (ECF No. 384.) At the time of this 2022 resentencing, Mamalis's offense level was 40 with a criminal history category of I. (ECF No. 379.) Thus, his 240-month sentence was below the applicable guideline range of 292–293 months. (*Id.*) As a result of the passage of Amendment 821 to the United States Sentencing Guidelines, which applies retroactively, Mamalis's offense level was reduced by two levels as he qualified as a "zero-point offender." (ECF No. 388 at 1.) Accordingly, and as the Government agrees, his new applicable guidelines range is 235–293 months with an offense level of 38 and criminal history category I. (*Id.*)

On January 22, 2025, Mamalis filed the instant Motion for a Reduced Sentence Under 18 U.S.C. § 3582(c)(2). (ECF No. 388.) This Court granted this Motion on February 23, 2025 (ECF No. 391 *SEALED*), which was vacated after the Government filed a Motion for Reconsideration on the same day. (ECF No. 394.) The Government's Motion for Reconsideration was granted (ECF No. 395), and the Government filed a Response to Mamalis's motion (ECF No. 397 *SEALED*). Mamalis replied (ECF No. 400), and the matter is now ripe for review.

## STANDARD OF REVIEW

Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet each of the criteria enumerated in the amendment:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.* § 4C1.1(a)(1)–(a)(10).

## ANALYSIS

### I.   Whether Amendment 821 Would Provide Any Relief to Defendant

The parties do not dispute that Mamalis qualifies for relief in accordance with Part B of Amendment 821 because he is a "zero-point offender" under U.S.S.G. § 4C1.1. (ECF No. 388.) The Court agrees. Because Mamalis has met each of the criteria listed in the amendment and is thus eligible for a sentence reduction pursuant to U.S.S.G. § 4C1.1, the Court now proceeds to evaluate whether a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

### II.   The 3553(a) Factors

"Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Dillon v. United States*, 560 U.S. 817, 822 (2010). The § 3553(a) factors require the Court to consider: (1) Mamalis's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *accord United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *4–*5 (D. Md. Apr. 30, 2020) (weighing relevant factors to find that the defendant's sentence should be reduced to time served).

Mamalis's age, health, post-sentence rehabilitative efforts, and likely deportation, as well as the short period of time remaining on his sentence, all point to reducing his sentence. (ECF No. 388.)  Mamalis is 68 years old and suffers from obesity and hypertension.  (*Id.*)  He has served over 95 percent of his 240-months' sentence and, according to his Counsel, "has an outstanding rehabilitative record," though the Court finds it prudent to note that these rehabilitative efforts are not substantively detailed in Court filings.  (*Id.*)  At the time he filed the instant Motion, Mamalis was residing in a Baltimore halfway house and was supposed to remain until his release date of November 24, 2025.  *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc// (search by register number: 41768-050); (ECF No. 388).  Further, according to his counsel, Mamalis's deportation to Greece upon completion of his sentence is likely.  (ECF No. 388).  Indeed, Mamalis is reportedly already in U.S. Immigration and Customs Enforcement ("ICE") custody as he awaits deportation proceedings.[2]  (ECF No. 400).

Despite its agreement with Mamalis regarding his eligibility for relief pursuant to Amendment 821, the Government opposes Mamalis's request for a five-month sentence reduction, arguing that this Court should deny his motion based on the 18 U.S.C. § 3553(a) factors. (ECF No. 388 at 2.)  The Government contends that the § 3553(a) factors weigh in favor of denial of Mamalis's motion and points to the seriousness of Mamalis's convictions, which resulted "in the death of a friend."  (ECF No. 397 *SEALED* at 10; 18 U.S.C.

---

[2] According to Mamalis's counsel, Mamalis was detained by ICE at the halfway house on February 11, 2025. (ECF No. 400). This Court was unable to locate Mamalis through ICE's Online Detainee Locator System.  *See Online Detainee Locator System*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, available at https://locator.ice.gov/odls/#/search.

§ 3553(a)(1).) The Government believes that the seriousness of Mamalis's crimes should mean that Mamalis "continue serving his prison sentence" and that "[t]aking a chance on the Defendant may send the message that he can return to business as usual after his release." (ECF No. 397 *SEALED* at 10.)

Reducing Mamalis sentence by five months will neither undermine the seriousness of his crimes of conviction nor communicate to Mamalis that he is now free to "return to business as usual." (*Id.*). Mamalis has served the vast majority of his sentence and had already been released to a rehabilitative program in which he resided in a halfway house outside of prison. (ECF No. 388.) Mamalis will likely be deported soon after he completes his sentence, and a five-month sentence reduction comports with the applicable sentencing range after the application of Amendment 821. Because the Court finds that reducing Mamalis's sentence to 235 months complies with the purposes of 18 U.S.C. § 3553(a), his Motion for a Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of U.S.S.G. Amendment 821 (ECF No. 388) is hereby GRANTED.

## CONCLUSION

For the reasons stated above, it is this 7th day of April, 2025, hereby ORDERED that Defendant's Motion for a Reduced Sentence (ECF No. 388) is GRANTED. The Clerk is DIRECTED to mail a copy of this Memorandum Order to counsel of record and Mamalis.

/s/
Richard D. Bennett
United States Senior District Judge